UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Danny G King, and
Tina M. King,

               Plaintiffs,

v.

Lucius Luther,
Jacob Christenson,
Nancy Lange, and
Joanne Gruber,

               Defendants.

Civil No.:  12cv1575 (DSD/SER)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Plaintiffs' applications to proceed *in forma pauperis*, ("IFP").  (Docket Nos. 2, 3, and 10.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiffs, Danny G. King and Tina M. King, commenced this action by filing a self-styled civil complaint, (Docket No. 1), and their respective IFP applications.  Those original submissions were reviewed, and found to be inadequate for several reasons.  On July 24, 2012, an order, (Docket No. 4), identifying the defects in Plaintiffs' original submissions was entered and Plaintiffs were granted an opportunity to cure those defects.  Plaintiffs were informed that if they intended to pursue this action, then they would have to file an amended complaint no later than August 10, 2012.  Plaintiffs subsequently requested, and were granted, an extension of the

1

deadline for repleading. (*See* Order dated August 21, 2012, [Docket No. 7].) Recently Plaintiffs filed an amended complaint, (Docket No. 9), and the case is now before the Court for consideration of that new pleading.

The caption of Plaintiffs' amended complaint lists four named Defendants, but none of the Defendants is identified or described anywhere in the body of the pleading. The amended complaint provides no information of any kind about any of the parties that Plaintiffs are attempting to sue. The amended complaint is also completely devoid of any specific factual allegations. It does not describe any actual events, actions or occurrences.

As far as the Court can tell, Plaintiffs believe they have been wrongly deprived of custody of their minor children. Several vague accusations in the amended complaint suggest that Plaintiffs believe the named Defendants were somehow involved in relieving Plaintiffs of theirvparental rights. Plaintiffs' amended complaint alleges that:

> Plaintiff Tina King, was stalked with internet, phone calls, text messages, threats, violated orders of protection...
>
> With lies, deceit, manufactured evidence, State Statutes and procedures, caused Tina King to experience the physical and emotional collapse and near death condition, forcing the involuntary surrender of parental rights.
>
> Defendants used Lawful means to obstruct the due course of justice and Plaintiffs hearts bleed in silence with the children who cannot come home, and prayers for them are ignored.
>
> Defendants violated sections of the Americans with Disabilities Act, their callous indifference for Tina's bi-polar disorder, the two unnamed children with Autism was inserted into State proceedings to force the termination of parental rights.

(Amended Complaint, [Docket No. 9], p. 2.)

The rest of Plaintiffs' pleading consists of similar vague lamentations.

The "Relief Requested" section of the amended complaint indicates that Plaintiffs are seeking "vindication of their Civil, Constitutional and human rights, for the Court to revoke the unknowing, unwilling adoption order to reunite the Plaintiff's family." (*Id*., p. 3.) Plaintiffs are also seeking $12,500 in damages, "both actual and punitive." (*Id*.)

## II. DISCUSSION

If an IFP applicant files a complaint that fails to state a cause of action on which relief can be granted, then the case will be summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, that, if proven true would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facts supporting claims must be alleged clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Furthermore, a complaint must describe each named defendant's **personal involvement** in the events upon which the plaintiff's claims are based. *Ellis v. Norris*, 179 F.3d 1078, 1079

3

(8th Cir. 1999). *See also Iqbal*, 129 S.Ct. at 1948 (in a civil rights action "a plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution") (emphasis added); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

Plaintiffs have failed to plead any legally cognizable claim for relief, because their amended complaint alleges no facts whatsoever. Plaintiffs have not described any actual historical events, and they have not described any specific acts or omissions by any of the named Defendants. Their entire pleading consists of nothing more than vague and conclusory allegations.

The Court recognizes that Plaintiffs are *pro se* litigants who may not be familiar with the requirements for pleading an actionable claim for relief in a federal court complaint. The Court's previous order in this case, however, informed Plaintiffs that they would have to present the factual and legal bases for their claims in "a clear, complete and comprehensible fashion." The prior order plainly warned Plaintiffs that "[v]ague accusations will not suffice." Plaintiffs also were told that "[m]ost importantly, the amended complaint must present a clear and comprehensive description of what, **specifically, each individual Defendant** actually did (or failed to do) that allegedly entitles Plaintiffs to legal redress against that Defendant." (Order dated July 24, 2012, [Docket No. 4], pp. 4-5, [emphasis in the original order].) Plaintiffs amended pleading appears to ignore the pleading requirements that were explained carefully in the Court's prior order. Plaintiffs still have not pleaded any facts describing any specific acts or omissions by any of the named Defendants. As a result, Plaintiffs' amended complaint is just as

4

fatally defective as their original pleading.

## III. CONCLUSION

Because Plaintiffs have not described anything that any of the Defendants actually did (or failed to do), they have failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiffs' IFP applications be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff Danny G. King, a Missouri state prison inmate, remains liable for the unpaid balance of the $350.00 filing fee for this case.[1] To date, Danny G. King has paid only $25.00, so he still owes $325.00. That amount will have to be deducted from Danny G. King's prison trust account, and paid to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action must count as a "strike" against Plaintiff Danny G. King for purposes of 28 U.S.C. § 1915(g).

Finally, having determined that this action must be summarily dismissed because of Plaintiffs' failure to plead an actionable claim for relief, the Court will also recommend that Plaintiffs' pending motions for appointment of counsel, (Docket No. 12), and for a "WRIT OF

---

[1] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

HABEAS CORPUS Ad TESTIFICANDUM," (Docket No. 13), be denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' applications seeking leave to proceed *in forma pauperis*, (Docket Nos. 2, 3 and 10), be DENIED;

2. Plaintiff Danny G. King be required to pay the unpaid balance of the statutory filing fee, namely $325.00, in accordance with 28 U.S.C. § 1915(b)(2);

3. The dismissal of this action be counted as a "strike" against Plaintiff Danny G. King for purposes of 28 U.S.C. § 1915(g);

4. Plaintiffs' collateral motions seeking appointment of counsel, (Docket No. 12), and a "WRIT OF HABEAS CORPUS Ad TESTIFICANDUM." (Docket No. 13), be DENIED; and

5. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 6, 2012            *s/Steven E. Rau*
                                                                         Steven E. Rau
                                                                        U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 21, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.